Chief Justice Marshall
delivered the opinion of the Court.
The land, the subjection of which to the complainants demand, seems to have been the specific object of this suit, and which alone was subjected by this decree, does not constitute any part of the separate estate of Mrs. Hall, as described or secured in the deed of trust exhibited by the complainant. The deed of trust to Pope, which creates and secures the separate estate of Mrs. Hall in the property therein described, certainly does not convey the tract of land now in question, nor does it, so far as we can perceive from its terms, convey any real estate whatever. The tract now in question was conveyed by a stranger, six or seven years after the deed of trust, not to the trustee, but directly to Mrs. Plall in fee simple, without the expression of any use, trust or power. Such a deed to a married woman and her heirs, does not, by its own force, make the land conveyed the separate estate of the feme in the technical sense of that phrase. And if it would ever become so by reason of its having been acquired by appropriating the trust property or its proceeds to its purchase, there is no sufficient averment of the facts which would place it in this condition. And if there were, it never has been decided in this court that a feme covert may, without an express power of disposition reserved or granted, charge her separate real estate by a mere note for money, or that a Court of equity would enforce such a note by the sale of land. Nor, if it were admitted that, under the ante-nuptial agreement recited in *47 the deed of trust, any property afterwards acquired by the wife would ipso facto become her separate estate, does it follow that it would necessarily become subject to the power therein reserved, and especially to the modes of disposition mentioned or allowed in that deed in reference to personal property and slaves which were alone conveyed by it?
at law and-m equity personal property and fivst be subject^ento/debis!*"
And even if all this were conceded, still, as a considerable estate in slaves and personalty is conveyed by the deed of trust, which is not shown to have been exhausted or even to have been insufficient to pay the complainant’s demands, and as the notes evidencing these demands certainly created no specific charge upon the land, it was obviously improvident and in violation of the principle which prevails in the enforcement of debts, both at law and in equity, to subject the land without any effort to satisfy the claim out of the personalty. As for this error in the proceedings, the decree must be reversed, we do not deem it necessary now to decide the questions left undecided in the foregoing propositions. We have doubted whether the case should not be remanded, with directions to dismiss the bill without prejudice, inasmuch as the complainant has failed in his effort to subject the land, and has pointed out no other specific subject upon which the Chancellor is to act. But as his demands, to the extent at least of the two smaller notes, (of $350 and $200,) and perhaps to the whole extent, seem to be just and to constitute a charge at least upon the personalty and slaves belonging to the separate estate, and as the complainant makes general reference to the deed of trust and to the separate estate, and prays that the separate estate may be subjected, we conclude that it would be more consonant with justice and the practice in equity, to allow an opportunity for such further proceedings as may be necessary and proper for enforcing his demand against said separate estate. In doing which, however, the de_ fendants will also be entitled to a further opportunity of contesting the justice of said demand, with regard to which we only remark the subsistance of the largest *48 one, (upon the note for $468 81,) as an unsettled debt, is not free from doubt. The claim upon the $200 note, if it has been withdrawn, may be again brought into the case. But there is no propriety in litigating in this suit, except as bearing upon the question of the payment of the note for $468 SI, the disposition made of the property mortgaged to the complainant by T. P. Trotter. The claim of Hall as administrator, on account of the mortgage is, moreover, barred by time and' was properly disallowed. In all other respects, except as to this claim of Hall, the decree is reversed and the cause remanded for further proceedings.
Robertson for plaintiff; Sayj'e for defendant.